THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GABRIEL H.T. LAU,<br><br>    Plaintiff,<br><br>  vs.<br><br>JON FERNANDEZ, ANTONETTE SANTOS, and GUAM DEPARTMENT OF EDUCATION for GOVERNMENT OF GUAM,<br><br>    Defendants. | CIVIL CASE NO. 18-00034<br><br>**ORDER** |

  Before the Court are Defendants' motion to dismiss for failure to state a claim, ECF 34, Plaintiff's motion for sanctions, ECF 44, and Defendants' motion *in limine* to preclude expert testimony from Plaintiff's disclosed witnesses,[1] ECF 33. For the reasons below, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** the remaining motions as moot.

## I. LEGAL STANDARD

  Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) (internal quotation marks omitted).

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp.*

---

[1] Also before the Court is a Report & Recommendation, ECF 42, from the Magistrate Judge regarding the motion *in limine*, which recommends that the motion be granted.

1

*v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). *Id.* at 678-79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id.* at 679.

A claim is facially plausible if its "factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[S]omething beyond the mere possibility of [liability] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (internal citations, quotation marks omitted). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Iqbal*, 555 U.S. at 679.

## II. DISCUSSION

**A.    Jurisdiction**

Before turning to the merits of Defendants' motion to dismiss, the Court must address a suggestion first raised in Defendants' sur-reply that "Plaintiff's untimely filing of [his Charge of Discrimination with the E.E.O.C.] on May 31, 2018 and his untimely filing of this lawsuit on September 21, 2018 deprives this Court of jurisdiction over his claims, because Plaintiff failed to comply with the time limits required by 42 U.S.C. § 2000e-5." ECF 47 at 8. Contrary to Defendants' assertion, the time limits imposed by § 2000e-5 constitute mandatory claim-processing rules, "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Ft. Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). Because the rule is not jurisdictional, the Court will not consider Defendant's argument that this lawsuit is untimely, since it was not raised in their original motion and Defendant has not had an opportunity to respond to it.[2] *See id.* at 1849 ("[A]n objection based on a mandatory claim-processing rule may

---

[2] The Court notes that all the facts relied upon by Defendants to assert the argument were contained in Defendant's complaint and the exhibits thereto.

2

be forfeited if the party asserting the rule waits too long to raise the point.") (internal citations, quotation marks omitted).

**B.     Failure to State a Claim Upon Which Relief can be Granted**

Because the body of Plaintiff's complaint contains only a procedural history of the filing of his charge with the E.E.O.C., the Court will construe the complaint to incorporate by reference the factual allegations contained in the charge itself, which was attached to the complaint.[3] *See* ECF 1, Ex. 2 ("EEOC Charge"). Once stripped of its conclusory assertions, the allegations in the charge essentially amount to the following: (1) Plaintiff is an individual with a disability who previously sued—and filed administrative charges of discrimination against—the Guam Department of Education; (2) Plaintiff interviewed for a math teacher position in 2015 and was recommended for hire by his interviewee, the principal of the school; and (3) Plaintiff was not hired, and believes the reasons for this to be discriminatory or retaliatory. *See generally* EEOC Charge at 1-2.

Nearly identical allegations were previously found insufficient by the Court in an earlier case filed by this plaintiff. *See* Civil Case No. 16-00042, ECF 51, 64. Indeed, the complaint rejected in Plaintiff's previous case contained significantly more detailed factual allegations than alleged here. *Compare* Civil Case No. 16-00042, ECF 51 *with* Civil Case No. 18-00034, ECF 1. Although Plaintiff's allegations are certainly consistent with discrimination or retaliation, they are not *plausibly suggestive* of such unlawful motives. "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [unlawful behavior] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Although leave to amend is liberally granted, especially with pro se litigants, this is not Plaintiff's first time before this Court with nearly identical allegations. The Court has previously granted Plaintiff leave to amend in order to cure nearly identical deficiencies, but to no avail. *See*

---

[3] The Court has also considered the other attachments to the complaint, but finds that they add nothing substantive to the merits of Plaintiff's claim.

Civil Case No. 16-00042, ECF 64 at 5 ("[T]his court gave the Plaintiff the opportunity to amend his original complaint and cure the defects by stating sufficient facts to support his claims, but he has failed to do so."). To the extent Plaintiff is aware of additional facts supporting his claim, he was already on notice from prior orders dismissing similar claims that those additional facts needed to be alleged. Accordingly, the Court concludes that granting leave to amend the complaint in this case would be futile.

**C.  Other Pending Motions**

Because the Court is dismissing this action for failure to state a claim upon which relief can be granted, Defendants' motion *in limine* is denied as moot. Similarly, Plaintiff's motion for sanctions—based on Defendants' alleged failure to meet certain discovery/response deadlines—is moot as well, since there is no potential for resulting prejudice to Plaintiff's case.

### III. CONCLUSION

Defendants' motion to dismiss the complaint for failure to state a claim, ECF 34, is **GRANTED**, and the complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. All other pending motions, ECF 33, 42, 44, are **DENIED AS MOOT**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**

**Dated: September 17, 2020**